UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60412-CIV-ALTMAN/Hunt

**IRBY CONSTRUCTION COMPANY**,

      Plaintiff,

v.

**QTI, INC.**,

      Defendant.
_____/

## ORDER

THIS CAUSE came before the Court on the Motion to Dismiss Complaint for Failure to State a Claim, filed on April 1, 2019 by the Defendant, QTI, Inc. ("Motion") [ECF No. 10]. The Plaintiff filed its Response [ECF No. 11] on April 8, 2019, to which the Defendant replied [ECF No. 15] on April 15, 2019. The Court has carefully considered the parties' submissions, the supporting exhibits [ECF No. 11-1:5], and the applicable law.

### I.    LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts the plaintiff's factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Generally speaking, a court may not consider materials outside "the four corners of the complaint" when ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). There is, however, one exception to this general rule: "In ruling upon a motion to dismiss [under Rule 12(b)(6)], the district court may consider an extrinsic document if it is: 1) central to the plaintiff's claim, and 2) its authenticity is not challenged." *SFM Holdings, Ltd.*, 600 F.3d at 1337 (citations omitted).

The parties here do not dispute the authenticity of the documents that have been attached to the Plaintiff's Complaint,[1] and the Court finds that the Master Subcontract between the parties

---

[1] Nor, for that matter, does there appear to be any dispute about the authenticity of the documents the Plaintiff has attached to its Response.

is "central to the Plaintiff's" breach of contract claims. Accordingly, the Court will consider those documents in adjudicating the Defendant's Motion.

## II. BACKGROUND & ANALYSIS

This matter arises from a dispute between the parties relating to certain work the Plaintiff performed on behalf of the Defendant under the terms of a Master Subcontract [ECF No. 1-3]. Specifically, the Plaintiff alleges that the Defendant owes it $639,937.28[2] as a result of several unpaid invoices that accrued between October 2017 and December 2017. Pl. Compl. ¶¶ 14-25. In its Complaint, the Plaintiff makes four claims for relief: breach of contract, account stated, *quantum meruit*, and unjust enrichment. *See generally* Pl. Compl.

The Defendant's Motion does not necessarily dispute these allegations, but rather contends that the Master Subcontract contains a mandatory pre-suit condition that *required* the parties to participate in mediation "before recourse to any other form of binding dispute resolution." Motion at ¶ 2; Master Subcontract [ECF No. 1-3 at 13]. That provision reads, in relevant part:

> Article 22 Dispute Resolution
>
> \*          \*          \*
>
> 22.2    If a dispute arises out of or relates to this Agreement or its breach, the parties shall endeavor to settle the dispute first through direct discussions. If the dispute cannot be resolved through direct discussions, the parties shall participate in mediation under the Construction Industry Mediation Rules of the American Arbitration Association before recourse to any other form of binding dispute resolution. The location of the mediation shall be the location of the Project. Once a party files a request for mediation with the other party and with the American Arbitration Association, the parties agree to commence such mediation within thirty (30) days of filing of the request.

---

[2] The Plaintiff agrees that, of this amount, the Defendant has, to date, paid some $26,389.90. *Id.* ¶ 26.

*Id.* The language of the Master Subcontract, then, unambiguously required the Plaintiff to engage in mediation as a condition precedent to the commencement of litigation. The Defendant therefore asks the Court to dismiss the Complaint because of the Plaintiff's failure to engage in pre-suit mediation. In the alternative, the Defendant asks the Court to stay the case for 45 days so that the parties can comply with the mediation requirement. Def. Reply at 2.  The Plaintiff, in turn, argues that the Defendant "waived" the mediation requirement when, in January of 2019, it failed to participate in the scheduling of a mediation. Pl. Resp. ¶ 25.

As a housekeeping matter, the Court reminds the parties that they must comply with Local Rule 7.1(a)(1), which requires all motions, with few exceptions, to be accompanied by a memorandum of law that, notably, includes citations to relevant authorities. This Rule has not been codified by accident. Citations to supporting authority greatly assist the Court in reasoning through thorny legal issues. Here, for example, the Plaintiff argues, without any citation, that the Defendant waived the pre-suit mediation condition by failing to cooperate in the scheduling of the mediation. The Defendant responds (again, without any citation) by suggesting that the Plaintiff waited too long to schedule the mediation—and that, as such, the Defendant's willingness or, as the case may be, unwillingness to engage in scheduling talks is immaterial. These are difficult questions that cannot be resolved by gut feelings and should have been properly and fully briefed.

In any case, both parties appear amenable to mediating their claims within the next 30 to 45 days. *See* Pl. Resp. ¶¶ 27-28; Motion at 3. "The District Court has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). The question for the Court, then, is whether to dismiss or stay this case to allow the parties time to complete a mediation that may render this litigation unnecessary. The Plaintiff cites *Swartz v. Westminister Servs., Inc.*, No. 810-CV-1722-T-30AEP, 2010 WL

4

3522141 (M.D. Fla. Sept. 8, 2010) for the proposition that courts "routinely" stay, rather than dismiss, proceedings to allow the parties to engage in alternate dispute resolution. The Defendant, by contrast, cites *3-J Hosp., LLC v. Big Time Design, Inc.*, No. 09-61077-CIV-MARRA, 2009 WL 3586830, at *2 (S.D. Fla. Oct. 27, 2009) for the notion that, where the parties' agreement requires mediation as a condition precedent to litigation, the complaint *must* be dismissed.

This is a close case, but the Court finds that 1) neither party would be prejudiced by the entry of a stay (indeed, even the Defendant asks, in the alternative, for a stay);[3] 2) this case is in its relative infancy (in fact, the dispositive motion deadline is not until January 8, 2020); and 3) staying, rather than dismissing, this case will allow the parties to engage in the mediation they both seem to agree was required by the Master Subcontract. Accordingly, the Court hereby

**ORDERS** that the Defendant's Motion to Dismiss [ECF No. 10] is **DENIED**. The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** this case to allow the parties time to complete mediation. That mediation must be completed by **June 28, 2019**. All other pending motions are **DENIED as moot**.

The Court nonetheless will retain jurisdiction over this case and will reopen the case upon the motion of either party.

Moreover, on or before **June 28, 2019**, the parties shall file with the Court a joint status report. The report shall indicate whether the parties have mediated pursuant to the Master Subcontract, and, if so, whether the case settled (in full or in part). **Failure to engage in the**

---

[3] On the other hand, the Plaintiff would be prejudiced if the Court were to dismiss the Complaint without prejudice because, if mediation then failed, the Plaintiff would simply have to refile—thus incurring an added and unnecessary filing fee. *See Getchell v. Suntrust Bank*, No. 6:15-CV-1702-ORL-TBS, 2016 WL 740603, at *3 (M.D. Fla. Feb. 25, 2016).

5

**required mediation may result in appropriate sanctions, including the dismissal of the Complaint without prejudice and without further notice.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record